SCHROTH & SCHROTH
ROBERT E. SCHROTH, JR, ESQ. (SBN 212936)
3200 Fourth Avenue, Suite 101
San Diego, California 92103
Telephone: (619) 233-7521
Facsimile: (619) 233-4516

Attorney for Material Witness, Diego Pedro-Antonio

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

(Hon. Michael S. Berg)

| | |
|---|---|
| UNITED STATES OF AMERICA, | Magistrate Case No.: 25-MJ-594-MSB |
| | Criminal Case No.: 25-CR-685 |
| Plaintiff, | |
| vs. | **POINTS AND AUTHORITIES IN SUPPORT OF MATERIAL WITNESSES MOTION FOR VIDEOTAPE DEPOSITION AND REQUEST FOR STATEMENT OF REASONS IN SUPPORT OF CUSTODY** |
| REGALDO-DURAN, VASQUEZ-JIMENEZ | |
| Defendant. | |
| | Date: March 25, 2025 |
| | Time: 1:30 p.m. |
| | Judge: Hon. Michael S. Berg |

**TO UNITED STATES ATTORNEY, ANDREW R. HADEN; TO ATTORNEY FOR DEFENDANT, EDWIN ALEJANDRO REGALDO-DURAN, SAMUEL J. POPE; DEFENDANT, JOSUE VASQUEZ JIMENEZ, DANIELLE PEAY:**

Material Witness, Diego Pedro-Antonio (hereafter "Material Witness") by and through counsel, Robert E. Schroth Jr., submits the following Memorandum of Points and Authorities in support of his motion to take the videotaped deposition.

# I.

## INTRODUCTION

On or about February 9, 2025, the Material Witness was detained by U.S. Customs Border Protection Agents in connection with the arrest of the above captioned Defendants. The defendants have been charged with illegally bringing in undocumented aliens in violation of 8 U.S.C. § 1324(a)(2)(B)(iii) and the Material Witness, who was with the defendants at the time of their arrest, have been detained as a Material Witness under 8 U.S.C. § 1227 (d).

Material witness Diego Pedro-Antonio is currently being held at the Imperial County Detention facility. On February 20, 2025, the attorney for the Material Witness was informed by the material witness that he knew of no one in this country that could co-sign for him or the ability to post the $2,500.00 personal appearance bond deposit to allow for their release from custody during the pendency of this case.

It is unnecessary to keep the Material Witness in the United States because his testimony can be preserved through the use of a videotaped deposition.[1] The Material Witnesses therefore requests a court order that their testimony be preserved through the use of videotape depositions and, thereafter, that he be allowed to return to his family in Guatemala.

## II.
**THE TESTIMONY OF THE MATERIAL WITNESS CAN BE SECURED BY VIDEOTAPE DEPOSITION AND THERE IS NO COMPELLING REASON TO KEEP THEM IN CUSTODY**

---

[1] While a witness may be detained for a reasonable period of time, the court must vigilantly guard an undocumented alien's "overriding liberty interest" and schedule a videotape deposition at the earliest possible time. See, Aguilar-Ayala v. Ruiz 973 F. 2d 411, 419 (5th Cir. 1992).

Title 18, section 3144 of the United States Code Provides:

> No Material Witness may be detained . . . if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice.

The deposition of the Material Witnesses may be used at trial in criminal cases, however, FRCP 15(a)(2) does not require a demonstration of exceptional circumstances when a material witness moves for a videotaped deposition. See, United States v. Chen, 214 F.R.D. 578, 579 (N.D. Cal. 2003)[2]; see also United States v. Santos, 2011 WL 1196022 (S.D. Fl. 2011); Aguilar-Ayala v. Ruiz, 973 F.2d at 420 (5th Cir. 1992); United States v. Allie, 978 F.2d 1401, 1404 (5th Cir. 1992). Under 18 U.S.C. § 3144, case law has held that material witnesses are to be explicitly excepted from demonstrating exceptional circumstances when moving for their own videotaped deposition. Id. Defendants may be present at the videotape deposition and therefore have a full and fair opportunity to cross-examine the witnesses. The videotape provides sufficient indicia of reliability to afford the trier of fact a satisfactory basis for evaluating the truth of a statement. Dutton v. Evans, 400 U.S. 74, 89 (1970).

The government or defendant can effectuate the detention of the material witnesses upon a showing that (1) the material witnesses will, in all likelihood, be unavailable to testify for trial, and (2) that the use of deposition testimony will deny the defendant a fair trial and that live testimony would somehow be significantly different. See, Aguilar-Ayala v. Ruiz 973 F.2d at 413 (5th Cir. 1992), United States v. Humberto Rivera 859 F.2d 1204, 1208 (4th Cir. 1988). That would be a difficult burden in this case, however, because the Material Witnesses have

---

[2] The Chen case describes that the purpose of the 2002 amendment of Rule 15(a) was to clarify that exceptional circumstances do not apply to motions made by material witnesses for their own videotaped depositions.

- 3 -
POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEPOSITION

U. S. v. Regaldo-Duran

indicated that they are willing to return for trial if the government makes arrangements for their legal re-entry into the country and provides travel expenses.[3]  (Schroth Decl. At para. 5).

The Material Witnesses should not be detained because their testimony can be adequately secured by depositions.  This is a very routine alien smuggling case.  Based on interviews with the Material Witnesses and the report submitted by the arresting agency, the facts to which the Material Witnesses is competent to testify are straightforward.  (Schroth Decl. At para. 4).

Moreover, neither the Material Witness nor his counsel, have been informed that the witness's detention is necessary to prevent a failure of justice.  (Schroth Decl. At para. 3).  Quite to the contrary, the witness has already spent a considerable time in jail, nearly 2 months to the date of this motion is to be heard, and it is very important that he be released as soon as possible so that he may be reunited with his family in Mexico who depend on him for their support. (Schroth Decl. At para. 2 and 4.).  Diego Pedro-Antonio  has 3 children back in Guatemala who depend on him for their support. Keeping the Material Witness in custody only contributes to the hardships his family is currently enduring.

For these reasons, the Material Witness request that the court immediately order the taking of his videotaped depositions and that he thereafter be immediately returned to Mexico.

### III.

**IF THE COURT DENIES THE MATERIAL WITNESS'S REQUEST TO TAKE THEIR VIDEOTAPE DEPOSITION, THEY REQUEST THAT THE GOVERNMENT**

---

[3] The government would undoubtedly take reasonable steps in this case, as it has in other similar cases, to secure the witness's testimony at trial by personally subpoenaing the witness, providing travel costs, and arranging for legal re-entry of the alien.  (See, United States v. Eufracio-Torris 890 F.2d 266, 270 (10th Cir. 1989) cert. Denied 494 U.S. 1008 (1990) [government need not guarantee the witness will be available, only that they use food-faith efforts to secure their presence at trial]; see also, Ohio v. Roberts, 448 U.S. 56, 65 (1980) [so long as the government uses reasonable measures to secure a witness at trial, a deposition is admissible over a defendant's Confrontation Clause and hearsay objections].

- 4 -
POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEPOSITION

U. S.  v. Regaldo-Duran

**PROVIDE THEM WITH A STATEMENT OF REASONS WHY THEY SHOULD HAVE TO REMAIN IN CUSTODY**

Where witnesses have been held in custody for more than 10 days, the government has an obligation to prepare a biweekly report stating the reasons why such witnesses should not be released with or without the taking of a deposition. Fed. Rules Crim. Proc., Rule 46 (g).

The Material Witnesses are not aware of any reasons why they should remain in custody, but to the extent the government knows of any such reason, they hereby requests that the government provide him with a copy of a biweekly written report indicating these reasons.

## IV.

## CONCLUSION

For the forgoing reasons, the Material Witness respectfully request that this motion for the taking of videotaped depositions be granted. In the alternative, the Witness request that he immediately be provided with a statement of the reasons why he needs to remain in custody.

DATED: March 18, 2025                                **SCHROTH & SCHROTH**

By:   *s/ Robert E. Schroth JR*_____
ROBERT E. SCHROTH, JR,
Attorney for Material Witness

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28