DANIELLE R. PEAY
Calif. Bar No. 263694
185 West "F" Street, Suite 100
San Diego, CA 92101
Telephone: (619) 231-4330
daniellerpeay@gmail.com

Attorney for Defendant

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>JOSUE VASQUEZ JIMENEZ,<br><br>      Defendant. | Case No.: 24CR0685-LL<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS TO:**<br><br>**(1) COMPEL DISCOVERY;**<br>**(2) PRESERVE EVIDENCE;**<br>**(3) LEAVE TO FILE FURTHER MOTIONS.** |

## I.
## MOTION TO COMPEL DISCOVERY

To date counsel has received 174 pages of PDF discovery, recorded

interviews of all parties, bodycam footage, checkpoint video and dispatch audio.

Mr. Vasquez requests the production of all cell phones seized ( two cellphones

from front consul area of vehicle and one cellphone from the material witness).

//

//

1

**GENERAL DISCOVERY**

Mr. Vasquez moves for the production by the government of the following items.  This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies" under United States v. Bryan, 868 F.2d 1032 (9th Cir.), cert. denied, 493 U.S. 858 (1989):

(1)  The Defendant's Statements : Under Fed. R. Crim. P. 16 (a)(1)(A) the defendant is entitled to disclosure all copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the government intends to offer in evidence at trial; any recorded testimony of the defendant before the grand jury; any response by the defendant to interrogation; the substance of any oral statements which the government intends to introduce at trial, and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; any response to any Miranda warnings which may have been given to the defendant (see United States v. McElroy, 697 F.2d 459 (2d Cir. 1982)); and any other statements by the defendant that are discoverable under Fed. R. Crim. P. 16(a)(1)(A).  The Advisory Committee Notes as well as the 1991 amendments to Rule 16 make it clear that the Government must reveal all the defendant's statements, whether oral or written regardless of whether the Government intends to introduce those statements;

(2) Arrest Reports, Notes and Dispatch Tapes: The defendant also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced in their entirety, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963). See also United States v. Johnson, 525 F.2d 999 (2d Cir. 1975), cert. denied, 424 U.S. 920 (1976); United States v. Lewis, 511 F.2d 798 (D.C. Cir. 1975); United States v. Pilnick, 267 F. Supp. 791 (S.D.N.Y. 1967); Loux v. United States, 389 F.2d 911 (9th Cir.), cert. denied, 393 U.S. 867 (1968). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available under Fed. R. Crim. P. 16(a)(1)(B) and (c), Fed. R. Crim. P. 26.2 and 12(I);

(3) Reports of Scientific Tests or Examinations: Pursuant to Fed. R. Crim. P. 16(D), Mr. Vasquez requests the reports of all tests and examinations conducted upon the evidence in this case, and any fingerprint testing done upon any evidence seized in this case, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence

3

may become known, to the attorney for the government, and which are material to

the preparation of the defense or are intended for use by the government as

evidence in chief at the trial;

(4) Brady Material: The defendant requests all documents, statements,

agents' reports, and tangible evidence favorable to the defendant on the issue of

guilt and/or which affects the credibility of the government's case.  Impeachment

as well as exculpatory evidence falls within Brady's definition of evidence

favorable to the accused.  United States v. Bagley, 473 U.S. 667 (1985); United

States v. Agurs, 427 U.S. 97 (1976);

(5) Any Information that May Result in a Lower Sentence under the United

States Sentencing Guidelines (U.S.S.G.): As discussed above, this information is

discoverable under Brady v. Maryland, 373 U.S. 83 (1963).  This request includes

any cooperation or attempted cooperation by the defendant, as well as any

information that could affect any base offense level or specific offense

characteristic under Chapter Two of the U.S.S.G.  Also included in this request is

any information relevant to a Chapter Three adjustment, a determination of the

defendant's criminal history, or any other application of the U.S.S.G.; including all

recorded communication by any charged defendant, for example, WhatsApp,

telephone or other electronic communication.  This is relevant for role

determination.

4

(6) <u>The Defendant's Prior Record</u>: Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(B);

(7) <u>Any Proposed 404(b) Evidence</u>: Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(c) and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. The defendant requests that such notice be given three weeks before trial in order to give the defense time to adequately investigate and prepare for trial;

(8) <u>Evidence Seized</u>: Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(c). All warrants and affidavits for warrants which resulted in the seizure of evidence during the course of the charged conspiracy;

(9) <u>Request for Preservation of Evidence</u>: The defendant specifically requests all dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved. This request includes, but is not limited to, any samples used to run any scientific tests, any narcotics, and any evidence seized from any third party. It is

requested that the government be ordered to question all the agencies and

individuals involved in the prosecution and investigation of this case to determine

if such evidence exists, and if it does exist, to inform those parties to preserve any

such evidence;

(10) Tangible Objects: The defendant requests, under Fed. R. Crim. P.

16(a)(2)(c), the opportunity to inspect and copy as well as test, if necessary, all

other documents and tangible objects, including photographs, books, papers,

documents, photographs, of building or places or copies of portions thereof which

are material to the defense or intended for use in the government's case-in-chief, or

were obtained from or belong to the defendant;

(11) Evidence of Bias or Motive to Lie: The defendant requests any

evidence that any prospective government witness is biased or prejudiced against

the defendant, or has a motive to falsify or distort his or her testimony.

Pennsylvania v. Ritchie, 480 U.S. 39 (1987); United States v. Strifler, 851 F.2d

1197 (9th Cir. 1988), cert. denied, 489 U.S. 1032 (1989);

(12) Impeachment Evidence: The defendant requests any evidence that any

prospective government witness has engaged in any criminal act, whether or not

resulting in a conviction, and whether any witness has made a statement favorable

to the defendant. See Fed. R. Evid. 608, 609 and 613. Such evidence is

discoverable under Brady v. Maryland, 373 U.S. 83 (1963). See United States v.

Strifler, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); Thomas v. United States, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility);

(13) Evidence of Criminal Investigation of Any Government Witness: The defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.  United States v. Chitty, 760 F.2d 425 (2d Cir.), cert. denied, 474 U.S. 945 (1985);

(14) Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling:  The defense requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.  United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980);

(15) Witness Addresses: The defendant requests the name and last known address of each prospective government witness.  See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses), cert. denied, 444 U.S. 1034 (1980).  The defendant also requests the

7

name and last known address of every witness to the crime or crimes charged (or

any of the overt acts committed in furtherance thereof) who will not be called as a

government witness.  United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984);

(16) Name of Witnesses Favorable to the Defendant: The defendant requests

the name of any witness who made an arguably favorable statement concerning the

defendant or who could not identify him or who was unsure of his identity, or

participation in the crime charged.  Jackson v. Wainwright, 390 F.2d 288 (5th Cir.

1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); Jones v. Jago,

575 F.2d 1164, 1168 (6th Cir.), cert. denied, 439 U.S. 883 (1978); Hudson v.

Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980);

(17) Statements Relevant to the Defense: The defendant requests disclosure

of any statement that may be "relevant to any possible defense or contention" that

he might assert.  United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982);

(18) Jencks Act Material The defense requests all material to which

defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in

advance of trial, including dispatch tapes.  A verbal acknowledgment that "rough"

notes constitute an accurate account of the witness' interview is sufficient for the

report or notes to qualify as a statement under §3500(e)(1). Campbell v. United

States, 373 U.S. 487, 490-92 (1963).  In United States v. Boshell, 952 F.2d 1101

(9th Cir. 1991), the Ninth Circuit held that when an agent goes over interview

notes with the subject of the interview the notes are then subject to the Jencks Act. The defense requests pre-trial production of Jencks material to expedite cross-examination and to avoid lengthy recesses during trial;

(19) Giglio Information: Pursuant to Giglio v. United States, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses;

(20) Personnel Records of Government Officers Involved in the Arrest: The defendant requests all citizen complaints and other related internal affairs documents involving any of the immigration officers or other law enforcement officers who were involved in the investigation, arrest and interrogation of him, pursuant to Pitchess v. Superior Court, 11 Cal. 3d 531, 539 (1974). Because of the sensitive nature of these documents, defense counsel will not be able to procure them from any other source;

(21) Government Examination of Law Enforcement Personnel Files: Mr. Vasquez requests the government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers. Mr. Vasquez requests that these files be reviewed by the government attorney for evidence of perjurious

conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991). The obligation to examine files arises by virtue of the defense making a demand for their review: the Ninth Circuit in <u>Henthorn</u> remanded for <u>in camera</u> review of the agents' files because the government failed to examine the files of agents who testified at trial. This Court should therefore order the government to review all such files for all testifying witnesses and turn over any material relevant to impeachment or that is exculpatory to Mr. Vasquez prior to trial. Mr. Vasquez specifically requests that the prosecutor, not the law enforcement officers, review the files in this case. The duty to review the files, under <u>Henthorn</u>, should be the prosecutor's and not the officers'. Only the prosecutor has the legal knowledge and ethical obligations to fully comply with this request.

## II.
## <u>LEAVE TO FILE FUTHER MOTIONS</u>

Mr. Vasquez requests the court grant him leave to file further motions after he has the opportunity to review discovery.

//

//

//

//

### III.
### CONCLUSION

For the foregoing reasons, Mr. Vasquez, respectfully requests this Court grant these motions.

Respectfully submitted,

Dated: March 18, 2025

s/*Danielle R. Peay*
DANIELLE R. PEAY
Attorney for Josue Vasquez Jimenez
Email: daniellerpeay@gmail.com

11